# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIM. NO.: 10-cr-0009** |
| v. ) | |
| ) | |
| STEPHEN GARVEY, a/k/a "BIGGA" ) | |
| MALIK GARVEY, ) | |
| ORLANDO CARINO, ) | |
| DAREN HENRY, ) | |
| CHRISTOPHER JACOBS a/k/a "KIMO," ) | |
| DAVID ROLDAN a/k/a "BEBO," ) | |
| ALPHONSO GARVEY, and ) | |
| EDWARDO GOMEZ ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER

Finch, Senior Judge

THIS MATTER is before the Court on Defendant David Roldan's Motion to Suppress Evidence. Defendant seeks to suppress a Blackberry cellular phone seized from his person during the execution of a search warrant of his codefendant's home located at 219 Sion Hill, in Christiansted on February 17, 2010, as well as the contents of that phone and statements that he made to the police following the search. Because the Government has failed to show that it had a warrant to search Defendant, his motion is granted.

### I. Facts

David Roldan is one of eight defendants charged with conspiracy to distribute 295 pounds of marijuana. In addition, Defendant Roldan is separately charged with using a

telephone in facilitating the conspiracy to distribute marijuana. On February 16, 2010 Agent Semrick of the Drug Enforcement Agency (DEA) obtained a warrant to search to search the home of Steven Garvey, located at 219 Sion Hill. The warrant authorized law enforcement to search the residence and "[a]ny other buildings, storage sheds or vehicles that are located within the confines of the physical property." (*See* Search Warrant, attachment "A-3".) Attachment B of the search listed the property to be seized which included "cellular telephone and other instruments used to communicate with other co-conspirators." (*See* Search Warrant, attachment "B".)

On February 17, 2010, Special Agent Semrick, Officer Ortiz of the Virgin Islands Police Department and other law enforcement officers executed the search warrant at 219 Sion Hill. At the time of the search, Roldan was located in the carport of 219 Sion Hill. At some point during the search, Officer Ortiz noticed Roldan "trying to hide a Blackberry cell phone."[1] Officer Ortiz then performed a search on Roldan, found his Blackberry and confiscated it. Law enforcement subsequently searched through the contents of Roldan's Blackberry and found a picture of a DEA agent's car. Upon finding the picture on Roldan's cell phone, Roldan was brought to the High Intensity Drug Trafficking Area Office where he was questioned about the picture.

**II.    Analysis**

Defendant challenges two separate aspects of the police's conduct. First, Defendant argues that law enforcement unlawfully searched him whilst he was at 219 Sion Hill. Defendant contends that he was not subject to search simply because he happened to be located on property

---

[1] At the suppression hearing, Agent Semrick testified that he did not witness the seizure of the cell phone, but that he read about the seizure in Officer Ortiz's report. Officer Ortiz was not present at the hearing.

for which the Government had obtained a search warrant. Second, Defendant argues that the Government again committed an unlawful search when it examined the data on his phone and found the picture of the DEA agent's car.

At the suppression hearing, Agent Semrick testified that Officer Ortiz "seized" the Blackberry from Defendant Roldan. The Court finds that this conduct constitutes a seizure for Fourth Amendment purposes. Thus, the Government bears the burden of showing that this seizure was reasonable. *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005) ("On a motion to suppress, the government bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable.")

The Government argues that because the search warrant specifically covered cell phones, and because Roldan was located on the property at the time of the search, it had the right to seize his Blackberry cell phone. The leading case on this area of Fourth Amendment jurisprudence is *Ybarra v. Illinois*, 44 U.S. 85 (1979). In *Ybarra*, the Supreme Court held that police executing a warrant authorizing the search of a bar for narcotics lacked probable cause to search individual patrons within the bar. The Court stated:

> Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be.

*Id*. at 9; s*ee also Leveto v. Lapina,* 258 F.3d 156, 165 (3d Cir. 2001) ("Thus, even though the police in *Ybarra* had a warrant to search the tavern in question, the police were not justified in patting down Ybarra merely because he was on the premises at the time of execution.").

Following *Ybarra*, the Third Circuit and other courts have held that "possession of a warrant to search particular premises is not alone sufficient to justify a pat down of a person found on the premises at the time of execution." *Leveto,* 258 F.3d at 164 (finding that plaintiffs had stated civil rights claim for police frisk conducted without warrant or reasonable suspicion); *United States v. Abbott*, 574 F.3d 203, 212 (3d Cir. 2009) ("[A] search or seizure of a person must be supported by probable cause particularized with respect to that person.") (quoting *Ybarra,* 44 U.S. at 91); *United States v. Clay*, 640 F.2d 157, 160 (8th Cir. 1981) ("The question remains whether the evidence of criminal activity within the house being searched justified the police in searching anyone who approached the premises. The warrant is of no help to the government in its attempt to justify the search. The warrant only gave the police authority to be on the premises, not to search anyone that came to the door during the time of the search."); *United States v. Cole*, 628 F.2d 897, 899 (5th Cir. 1980) (pat down of individual who pulled into carport as police arrived to execute warrant at residence not justified). Thus, the warrant was an insufficient basis to seize Defendant's cell phone.

Next, the Court turns to the Government's contention that Defendant's alleged attempt to "hide" the cell phone provided a justification for its seizure. The Government cites no law supporting its contention that an attempt by a third party to hide his own cell phone during the execution of a search warrant provides justification for a seizure of that phone. It is beyond doubt that police may permissibly conduct "a reasonable search for weapons for the protection of the ... officer, where [the officer] has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual." *Terry v. Ohio*, 392 U.S. 1, 27 (1968). But here, the Government advanced no argument that Defendant was searched for officer safety and offered no evidence that Officer Ortiz possessed an

4

"articulable suspicion that [Roldan] [wa]s armed and dangerous." *Michigan v. Long*, 463 U.S. 1032, 1034 (1983). A Blackberry, even one of the earlier clunkier models, poses no serious threat to officer safety. And even if Officer Ortiz searched Roldan out of concern for his safety, this would not justify seizing the phone. Once Officer Ortiz discovered that the object in question was a phone, he was no longer justified in seizing it. *United States v. Yamba*, 506 F.3d 251, 256 (3d Cir. 2007) ("Assuming that an officer is authorized to conduct a *Terry* search at all, he is authorized to assure himself that a suspect has no weapons . . . If, however, the officer 'goes beyond what is necessary to determine if the suspect is armed, it is no longer valid under *Terry* and its fruits will be suppressed.'" (citing *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993))). Accordingly, the phone and any data obtained from the phone must be suppressed.[2]

### III. Conclusion

For the above reasons, the Court **GRANTS** Defendant Roldan's Motion to Suppress. The Court **ORDERS** that Defendant's Blackberry cell phone and data obtained from that cell phone are inadmissible against Defendant Roldan.

**ENTERED**:

Dated: September 17, 2010

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE

---

[2] At the hearing, the Government conceded that certain statements made by Roldan following the seizure of his phone would not be admissible at trial under *Bruton v. United States*, 391 U.S. 123 (1968) and *Crawford v. Washington*, 541 U.S. 36 (2004). Accordingly, the Court need not now determine whether these statements are admissible. However, should the Government attempt to introduce them at trial, in addition to any *Bruton* or *Crawford* analysis, the Court will also address whether they are the fruits of this illegal search at that time.